UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AMERICAN HALAL LIVE POULTRY, LLC** and **WAHID ABDUL,**<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF PERTH AMBOY, ET AL.**<br><br>Defendants. | Civ. No. 2:16-0326 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

  This matter comes before the Court on Plaintiffs' motion to amend their complaint and motion for a preliminary injunction. Plaintiffs are American Halal Live Poultry LLC (a live poultry business that slaughters and sells Halal meat) and Wahid Abdul, the business's owner. Defendants are the City of Perth Amboy, Middlesex County, and their respective individual employees (collectively, "Perth Amboy"). Plaintiffs allege that Perth Amboy has violated their constitutional rights and enforced certain property and health regulations in a discriminatory manner against them because they are Muslim. Perth Amboy contends that Plaintiffs have received more than 27 summonses for building and health code violations over a 7-month period, resulting in the City's failure to renew Plaintiffs' business license. For the reasons set forth below, Plaintiffs' motion to amend their complaint is **GRANTED**; their motion for a preliminary injunction is **DENIED**.

**I. BACKGROUND**

  **A. Underlying Facts**

  The following facts are drawn from Plaintiffs' amended Complaint and the parties' submissions in connection with Plaintiffs' motion for a preliminary injunction.

  For the last five years Abdul has operated American Halal Live Poultry LLC (hereinafter, "the Business") in the city of Perth Amboy. ECF doc. 13-3 (Abdul Decl.) ¶ 3. The Business is run out of a commercial building with a small retail area for customers. *Id.* ¶ 4. In front of the commercial building, there is a duplex house on a separately-zoned

residential property also owned by the Business. *Id.* ¶ 5. According to Plaintiffs, one side of the duplex was rented to a family and the other side was used by Abdul and workers of the Business to store personal property and business records. *Id.* ¶6. Plaintiffs contend that the Business operated on a "24/7 basis" and that, "as a result workers have been permitted to sleep for free and keep certain of their personal effects in the one side of the duplex between their shifts." *Id.* ¶7.

According to Plaintiffs, shortly before July 1, 2015, Abdul learned that a Perth Amboy Councilman, Fernando Gonzalez, was canvassing the neighborhood, seeking citizen complaints against the Business. *Id.*, ¶ 17. Shortly thereafter, Gonzalez appeared at the Business and advised Abdul that he was going to put him "out of business." *Id.* ¶18. Plaintiffs subsequently "became the target of unremitting [health] inspections." *Id.* ¶ 23. Plaintiffs contend that other, non-Muslim businesses have not been similarly targeted or inspected. *Id.* ¶ 14-15. Plaintiffs were charged with violating cleanliness, zoning, and property maintenance codes. *Id.* ¶¶ 29-36. Plaintiffs contend that the summonses they received lacked "factual specification" and, therefore, did not provide them with proper notice of the basis of the charges against them or describe the right to appeal. *Id.* In December 2015, Plaintiffs applied for the annual renewal of their Food and Beverage License. *Id.* ¶ 51. Perth Amboy did not renew the license. *Id.* ¶ 53. Thereafter, city officials re-inspected the property and "took into custody certain workers who had been temporarily using free of charge the building for sleep and breaks and transported them to a motel." *Id.* ¶ 66. Plaintiffs contend that this inspection was "conducted without a warrant or other process." *Id.* ¶ 59. On January 19, 2016, health inspectors found the Business to be "unsatisfactory" and ordered the Business to close. *Id.* ¶ 69.

Perth Amboy contests Plaintiffs' narrative. According to Perth Amboy, in July 2015, a City Code Enforcement Official was dispatched to inspect the Business in response to a petition signed by neighbors regarding foul odors. ECF doc. 20-2, Ex. A (Perez Decl.) ¶ 6. The Business was also inspected by the Heath Department and was given a grade of "conditionally satisfactory" due to excessive flies, foul odors, feces, blood, and animal refuse on the property. *Id.* At the end of the month, the Business was re-inspected by the Heath Department. *Id.* ¶ 7. The same conditions were found, as well as additional violations, and four new summonses were issued. *Id.* Over the next several months, the Business failed to correct the code violations, and continued to receive summonses. *Id.* ¶¶ 8-14.

In December 2015, code enforcement officials were granted access to the duplex, and found "deplorable living conditions." *Id.* ¶ 15. In January 2016, officials re-inspected the property and found that Plaintiffs were housing undocumented workers on the Business's property, and paying them below minimum wage. *Id.* ¶ 17. A subsequent visit uncovered undocumented workers living on the Business's property in a storage shed without heat or hot water. *Id.* ¶ 18-20. The officials learned that Abdul had threatened to report the workers' undocumented status to the authorities if they complained about their

work and living conditions. *Id*. These workers were provided with new housing, and the residential property and Business were closed down. *Id*. ¶ 20-21. After reviewing the Business's numerous code violations, the City did not renew its Food and Beverage License. *Id*. ¶¶ 23-24.

### B. The Instant Action

Plaintiffs now move to amend their complaint. In their proposed amended Complaint, Plaintiffs allege that Perth Amboy has violated their constitutional rights and enforced certain property and health regulations against them because they are Muslim.

Plaintiffs also seek a litany of injunctive relief measures against Perth Amboy. Plaintiffs request that the Court require Perth Amboy to: (1) provide Plaintiffs with a list of the repairs that must be made to reopen their Business and reoccupy their residential property; (2) immediately re-inspect the premises upon Plaintiffs' request; and (3) renew Plaintiffs' Food and Beverage License. Plaintiffs further request that the Court enjoin Perth Amboy from: (1) issuing any citation against Plaintiffs for violating city codes without good cause, notice, or a right to appeal; (2) entering Plaintiffs' residential property without a warrant; and (3) demanding monetary payments from the Plaintiffs without a hearing.

## II. DISCUSSION

### A. Motion to Amend the Complaint

Plaintiffs' unopposed motion for leave to file an amended complaint is **GRANTED**. A party may amend its complaint as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). Here, Plaintiffs moved to amend their complaint before Defendants filed their required responsive pleading, *i.e.,* an answer to the original complaint or any dispositive motion. Accordingly, Plaintiffs are within the 21-day window in which they may file an amended complaint "as a matter of course." *Id*.

### B. Preliminary Injunction

A preliminary injunction is an extraordinary remedy that is not routinely granted. *See, e.g., Groupe SEB USA v. Euro-Pro Operating LLC*, 774 F.3d 192, 197 (3d Cir. 2014). In order to obtain the extraordinary remedy of a preliminary injunction, Plaintiffs must show (1) they are likely to succeed on the merits; (2) denial will cause them irreparable harm; (3) granting the injunction will not result in irreparable harm to Defendants; and (4) granting the injunction is in the public interest. *Nutrasweet Co. v. Vit-Mar Enterprises*, 176 F.3d 151, 153 (3d Cir. 1999). "The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate." *P.C.*

*Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) (citations omitted). The Third Circuit has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits, stating: "[W]e cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent." *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990) (internal citations omitted). The Court concludes that Plaintiffs have failed to demonstrate likelihood of success on the merits or irreparable harm in the absence of an injunction. Consequently, their motion for a preliminary injunction will be denied.

### i.     Likelihood of Success on the Merits

At this early stage of the litigation, Plaintiffs have failed to demonstrate a likelihood of success on the merits. After reviewing the papers, it is apparent to this Court that there are a myriad of factual disputes that have a direct bearing on the viability of Plaintiffs' claims. These disputes include, but are not limited to:

- Whether Plaintiffs failed to comply with building, health, and safety codes;
- Whether Plaintiffs failed to comply with labor, wage and hour codes;
- Whether Plaintiffs received proper notice of the code violations;
- Whether Plaintiffs were given an opportunity to appeal the code violations;
- Whether Defendants searched Plaintiffs' property without permission or a warrant; and
- Whether Defendants were motivated by discriminatory animus in enforcing heath and building codes against Plaintiffs.

In short, the parties severely dispute the facts underlying the closure of Plaintiffs' business. "A preliminary injunction cannot be issued when there are disputed issues of fact." *Hunterdon Transformer Co. v. Cook*, No. 89-3132, 1990 WL 10342, *2 (D.N.J. Feb. 6, 1990) (citing *Charles Simkin & Sons, Inc. v. Massiah*, 289 F.2d 26, 29 (3d Cir. 1961)); *see also Collick v. Weeks Marine, Inc.*, 397 F. App'x. 762, 764 (3d Cir. 2010) (preliminary injunction is inappropriate where there is an "abundance of contradictory facts on both sides of the record."). Because there are several factual disputes that preclude a determination that Plaintiffs have established a likelihood of success on the merits, Plaintiffs' motion for a preliminary injunction must be denied.

### ii.     Irreparable and Imminent Injury

Even if Plaintiffs could show a likelihood of success on the merits, their motion must still be denied because they have failed to demonstrate irreparable and imminent injury.

To be entitled to the extraordinary remedy of a preliminary injunction, a plaintiff must show an imminent risk of irreparable injury that cannot wait to be redressed until trial

is over.  *Hynoski v. Columbia Cnty. Redevelopment Auth.*, 485 F. App'x. 559, 563 (3d Cir. 2012) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)).  The harm "must be of a peculiar nature, so that compensation in money cannot atone for it."  *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 92 (3d Cir. 1992) (internal citations omitted).  Plaintiffs have failed make such a showing in this case.

Here, the harm Plaintiffs seek to redress is monetary: should Plaintiffs ultimately prevail in this action, they can be compensated by the loss of income or rent arising out of Perth Amboy's alleged wrongdoing.  *See Frank's GMC Truck Center, Inc. v. General Motors Corp.,* 847 F.2d 100, 102 (3rd Cir. 1989) ("[t]he availability of adequate monetary damages belies a claim of irreparable injury").  Plaintiffs' conclusory "blanket statement" that failure to issue a preliminary injunction will cause irreparable harm to their reputation and good will is insufficient.  *See MHA, LLC v. Siemens Healthcare Diagnostics, Inc.*, No. CV 15-1573, 2015 WL 9304543, at *4 (D.N.J. Dec. 21, 2015) (internal citations omitted).  To the extent that Plaintiffs seek to reoccupy the residence adjoined to the Business, the Third Circuit has long held that "the taking of real property can be adequately remedied by monetary compensation and that the intangible personal connection to property does not render condemnation an irreparable injury."  *Hynoski*, 485 F. App'x at 563 (citing *Goadby v. Phila. Elec. Co.,* 639 F.2d 117, 121–23 (3d Cir.1981)).

Finally, the primary purpose of a preliminary injunction is to preserve the status-quo pending a determination on the merits.  *See Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997).  Because Plaintiffs' business is presently shut down, issuing a preliminary injunction now would only serve to alter the status-quo by permitting Plaintiffs to reopen a closed business.  This is yet another factor that weighs against the issuance of a preliminary injunction.

### III.   CONCLUSION

Because Plaintiffs have not made the requisite showing for a preliminary injunction, their motion for a preliminary injunction is **DENIED**.  Plaintiffs' motion for leave to file an amended Complaint is **GRANTED**.  An appropriate order follows.

                                                  /s/ William J. Martini
                                    **WILLIAM J. MARTINI, U.S.D.J.**

**Date:  May 9, 2016**